This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOHN LUJAN,**

Plaintiff-Appellant,

v.                                                                                    **NO. 32,631**

**GENERAL MOTORS ACCEPTANCE CORPORATION, and its subsidiary MOTORS INSURANCE CORPORATION, NEW MEXICO MOTOR COMPANY, INC., d/b/a LEXUS OF SANTA FE, NEW MEXICO STATE POLICE OFFICER WILLIAM HYOZ, NEW MEXICO STATE POLICE PATROLMAN PENNY RYAN and ANTHONY GUTIERREZ,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

John Lujan
Las Vegas, NM

Pro se Appellant

French & Associates, P.C.
Joel M. Young
Albuquerque, NM

for Appellees Hayoz and Ryan

Esquivel Law Firm, LLC
Albuquerque, NM

Rosales Law Group, P.C.
David Ray Rosales
Albuquerque, NM

for Appellees General Motors Acceptance Corporation

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Appellant appeals from the district court's order dismissing the second amended complaint as to Appellees, Officers William Hayoz and Penny Ryan. [DS 4] Appellant continues to argue that the district court erred in dismissing on grounds that Officers Hayoz and Ryan were immune from suit. This Court's first notice of proposed disposition proposed to affirm the district court's order. Appellee filed a memorandum in support and Appellant filed a memorandum in opposition to the proposed disposition. Not persuaded by Appellant's arguments, we affirm the district court's order of dismissal.

{2}     This Court's first notice proposed to affirm on the basis that assuming without deciding that NMSA 1978, Section 29-2-18 (1979), creates a duty on the state police

with regard to the registration of motor vehicles, the immunity granted to Officers Hayoz and Ryan under the New Mexico Tort Claims Act (Act), NMSA 1978, Section 41-4-4(A) (2001), was not rendered inapplicable under the personal injury or property damage provisions of NMSA 1978, Section 41-4-12 (1977). [CN 4-5]

{3} "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Appellant asserts that he lost a significant amount of money as a result of the state officers' negligence, and continues to argue that the loss of property constitutes property damage. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement). [MIO 2] However, Appellant did not lose actual money or currency, and the loss of property is an economic loss which, as noted in the first calendar notice, is not a type of injury that is specifically waived under the Act. *See Valdez v. State*, 2002-NMSC-028, ¶ 9, 132 N.M. 667, 54 P.3d 71 (concluding that because economic compulsion and constructive fraud claims have not specifically been waived by the Tort Claims Act, the government is immune from suit for these causes of actions). Where a party cites no authority to support an argument,

we may assume no such authority exists. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329.

**{4}**  For these reasons, and those stated in the first notice of proposed disposition, we affirm the district court's order dismissing Appellant's negligence claim as to Officers Hayoz and Ryan.

**{5}**  **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**CYNTHIA A. FRY, Judge**